UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES LAWRENCE SOILEAU**<br>    LA. DOC #96769<br>VS. | **CIVIL ACTION NO. 6:12-cv-0368**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN STEVE RADER** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner James Lawrence Soileau, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 9, 2012. Petitioner attacks felony convictions, an habitual offender adjudication, and sentences totaling 50 years imposed in a 1995 criminal proceeding in case number 51100-F of the Thirteenth Judicial District Court, Evangeline Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and that it be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings as provided by 28 U.S.C. §2244(b).

*Background*

In March 1995 petitioner was convicted of simple burglary and theft and sentenced to serve consecutive sentences of 12 and 2 years in case number 51100-F of the Thirteenth Judicial District Court.  Thereafter he was adjudicated a fourth felony offender (La. R.S.15:529.1) and sentenced to serve 50 years without benefit of parole.  His convictions and his adjudication as a

fourth offender were affirmed by Louisiana's Third Circuit Court of Appeal; the sentence was vacated on technical grounds and remanded for re-sentencing. *State of Louisiana v. James Lawrence Soileau*, 95-1214 (La.App. 3 Cir. 5/15/96), 677 So.2d 518.  He was ultimately re-sentenced in accordance with the Court of Appeals' instructions and his first round of state post-conviction litigation terminated on January 27, 2006 when Louisiana's Supreme Court denied writs having found that petitioner's application was time-barred by the provisions of La. C.Cr.P. art. 930.8. *State of Louisiana ex rel. James L. Soileau v. State of Louisiana*, 2005-0837 (La. 1/27/2006), 922 So. 2d 538.

On April 17, 2006 petitioner filed a petition for writ of *habeas corpus* in this Court attacking the 1995 convictions, adjudication, and sentence claiming irregularities in the habitual offender adjudication,  ineffective assistance of counsel, and excessiveness of sentence.  On June 19, 2006 United States Magistrate Judge C. Michael Hill recommended dismissal of the petition with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d) or alternatively as procedurally defaulted.  On August 16, 2006 United States District Judge Rebecca F. Doherty adopted the magistrate judge's recommendation and entered judgment dismissing the petition with prejudice as time-barred and alternatively as procedurally defaulted.  On November 6, 2006 petitioner's appeal was dismissed for want of prosecution by the Clerk of the United States Fifth Circuit Court of Appeals. [*See James L. Soileau v. Terry Terrell, Warden*, Civil Action No. 6:06-cv-0643 at Docs. 1 (petition), 2 (report and recommendation), 6 (judgment), 14 (order of the Fifth Circuit, Docket Number 06-30914). ]

Petitioner attempted a second round of state post-conviction litigation which was again terminated as time-barred by the Louisiana Supreme Court on January 20, 2012. *State of*

*Louisiana ex rel. James Lawrence Soileau v. State of Louisiana*, 2011-0604 (La. 1/20/2012), 78 So.3d 136.

He filed the instant petition on February 9, 2012. He again attacks the proceedings in the Thirteenth Judicial District Court under Docket Number 51000-F claiming that he was sentenced in violation of La. C.Cr.P. art. 873 which requires a delay of at least three days between conviction and the imposition of sentence.

## *Law and Analysis*

As shown above, this is the second *habeas corpus* petition filed by the petitioner in this court. Title 28 U.S.C. §2244(b) provides certain gate-keeping requirements before a second and successive *habeas corpus* petition can be considered.

A *habeas corpus* petition is not necessarily second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first *habeas corpus* action – *James L. Soileau v. Terry Terrell, Warden*, Civil Action No. 6:06-cv-0643 – was, as shown above, dismissed with prejudice as time-barred

pursuant to 28 U.S.C. §2244(d). Although petitioner's previous § 2254 petition was dismissed as time-barred, such a dismissal constitutes an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See In re Flowers*, 595 F.2d 204, 205 (5th Cir.2009) (*per curiam*). The instant petition, which attacks the same conviction and sentence is therefore second or successive.

It appears that petitioner is raising a claim that was not raised in his first *habeas corpus* petition. However, before he may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. See 28 U.S.C. §2244(b)(3)(A) and (B). A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the

interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Therefore, considering the foregoing,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette, Louisiana April 18, 2012.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**